UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY G. CAMPBELL<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE ESTATE OF LARRY WAYNE KILBURN; *et al.*,<br><br>　　　　Defendants. | 3:13-cv-0627-LRH-WGC<br><br>ORDER |

Before the court is defendant the Estate of Larry Wayne Kilburn's ("the Estate") second motion to dismiss. Doc. #17.[1] Plaintiff Gary G. Campbell ("Campbell") filed an opposition (Doc. #18) to which the Estate replied (Doc. #19).

**I.　Facts and Procedural Background**

On the morning of September 11, 2011, Kilburn was driving southbound on US Route 95 in Mineral County, Nevada when he allegedly veered into the oncoming traffic lane and struck Campbell's vehicle. As a result of the accident, Campbell was seriously injured and Kilburn was killed.

On August 26, 2013, Campbell filed a complaint for negligence against the Estate in state court. Doc. #1, Exhibit 2. In response, the Estate removed the action to federal court on the basis of

---

[1] Refers to the court's docket entry number.

diversity jurisdiction (Doc. #1) and filed a motion to dismiss (Doc. #4). After the filing of the Estate's motion, Campbell filed an amended complaint on November 27, 2013, which superseded the original complaint in its entirety. Doc. #7. Thereafter, the Estate filed the present second motion to dismiss. Doc. #17.

**II.    Discussion**

In its motion, the Estate argues that the complaint should be dismissed because the Estate's personal representative, Maureen VanderMay ("VanderMay"), was not named as a defendant in this action until after the statute of limitations period expired.[2] *See* Doc. #17. The Estate contends that as this is a personal injury action based on the negligence of the decedent, it is subject to a two-year statute of limitations period that began to run on September 11, 2011, the date of the accident. *See* NRS 11.190(4)(e) (stating that "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another" must be initiated within two (2) years). Thus, because VanderMay was not named as a defendant until the filing of the amended complaint on November 27, 2013, and was not even appointed as personal representative of the Estate until October 11, 2013, the Estate argues that the court should dismiss this action. The court disagrees.

At the time of the filing of the initial complaint, letters of administration had not yet been issued for Kilburn's estate. In fact, it was not until the filing of the initial complaint that letters of administration were issued for the newly created Estate in September 2013. As such, the applicable statute of limitations period for this action is three (3) years. *See* NRS 11.275 ("[N]o action can be maintained against an estate for which letters of administration have not been issued unless it is commenced within 3 years next after the death of the decedent."). Moreover, pursuant to NRS 11.310, Campbell had one (1) year from the issuance of the letters of administration to file his

---

[2] In Nevada, the proper party to be named as a defendant for injuries allegedly caused by a deceased person is the personal representative of the deceased's estate. *See* NRS 143.060 ("Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against a personal representative in all cases in which the actions might have been maintained by or against the decedent.").

action and properly name the Estate's personal representative. *See* NRS 11.310 ("[I]f a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof . . . an action may be commenced against the person's executors or administrators after the expiration of that time, and within 1 year after the issuing of letters testamentary or of administration.").

Here, the amended complaint naming VanderMay was filed within three years of the death of Kilburn as well as within one year of the issuance of the letters of administration. Therefore, the complaint naming VanderMay as a defendant was timely filed within the applicable statute of limitations period. Accordingly, the court shall deny the Estate's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motions to dismiss (Doc. #17) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3