**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| GARY G. CAMPBELL, | 3:13-cv-00627-LRH-WGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| THE ESTATE OF LARRY WAYNE KILBURN, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Motion to Substitute Personal Representative and to Amend Caption. (Doc. # 23.)[1] Defendants have filed a response (Doc. # 26) to which Plaintiff replied. (Doc. # 28.) For the following reasons, Plaintiff's motion is **GRANTED.**

## I. BACKGROUND

On the morning of September 11, 2011, the decedent Larry Wayne Kilburn ("Kilburn") was driving southbound on US route 95 in Mineral County, Nevada when he allegedly veered into the oncoming traffic lane and struck Plaintiff Gary G. Campbell's vehicle. As a result of the accident, Plaintiff was seriously injured and Kilburn was killed.

On August 26, 2013, Campbell filed a complaint for negligence against the Estate of Larry Wayne Kilburn ("the Estate") in state court in Mineral County, Nevada. (Doc. # 1, Exh. 2.) On November 8, 2013, the Estate removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. # 1.)

Contemporaneous with removal of this action, a petition for administration of the Estate was filed in the State of Oregon, in which Maureen VanderMay ("VanderMay") was appointed as personal representative on October 11, 2013. Plaintiff subsequently filed an amended complaint in the present action on November 27, 2013, superseding the original complaint in its

---

[1] Refers to court's docket number.

entirety, and naming VanderMay as a Defendant. (Doc. # 7.) VanderMay accepted service of Plaintiff's amended complaint on December 5, 2013. (Doc. # 21.)

Upon learning the true identity of Kilburn's closest living relative, VanderMay filed a motion to substitute personal representative and to relieve her of the duties as personal representative in the Oregon probate proceeding. On April 18, 2014, the circuit court in the State of Oregon entered an order removing VanderMay as personal representative of Kilburn's Estate, and naming Kilburn's daughter, Heather Garcia ("Garcia"), as the successor personal representative of her father's estate. (Doc. # 23-1, Exh. 1.)

Thereafter, Plaintiff filed the present motion for substitution and to amend the caption. (Doc. # 23.)

## **II. LEGAL STANDARD**

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

In *In re Bernal*, the Ninth Circuit quotes a treatise that states:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.

207 F.3d 595, 598 (9th Cir.2000) (quoting 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1958 (2d Ed.1986)). It is thus clear that Rule 25 leaves the substitution decision to the trial court's sound discretion. *Id.*

Under Nevada law, no action to which a personal representative is a party abates by reason of resignation or removal of the personal representative, but the person who is appointed, qualifies and is acting as the successor must, upon motion, be substitute as a party to the action. Nev. Rev. Stat. § 143.200.

## III. DISCUSSION

In his motion, Plaintiff argues that Ms. Garcia has officially replaced Defendant VanderMay as the personal representative of Kilburn's estate in the Oregon probate matter. Consequently, Plaintiff contends that Ms. Garcia should be substituted for VanderMay as a Defendant in the present action as permitted by Fed. R. Civ. P. 25(c), and as mandated by Nev. Rev. Stat. § 143.200.  Plaintiff also requests that the caption be changed to reflect this substitution.

In response, Defendants do not substantively take issue with the substitution sought by Plaintiff, but do raise several procedural concerns. Defendants argue that before Ms. Garcia may be substituted as the personal representative in this action, she must be formally served with process in the Oregon probate matter as well as in this personal injury action. Defendants contend that until Ms. Garcia is formally served in the Oregon probate matter, she cannot be appointed as successor personal representative of the Estate, and thus could not be substituted as a party in this case under Rule 25(c). In addition, Defendants contend that until Ms. Garcia is formally served with process in this personal injury action, she has no obligation to respond to the complaint.

The procedural concerns raised by Defendants have largely been resolved.  Ms. Garcia has now been personally served with the order issued in the Oregon probate proceeding substituting her as personal representative and replacing Defendant VanderMay. (Doc. # 27.) Regarding the second concern raised by Defendants, the court does not believe it necessary for Ms. Garcia to be served with process in this case before she has even been substituted as a Defendant, and Defendants present no compelling reason to do so.

Because Ms. Garcia has been officially substituted as the proper personal representative of the Estate in the Oregon proceeding, the interest formerly held by Defendant VanderMay has been 'transferred' to Ms. Garcia as contemplated by Rule 25(c). As Defendants raise no substantive objections to Plaintiff's motion, and the court is aware of no unfairness or prejudice which would result from the granting of Plaintiff's motion, the substitution of Ms. Garcia as the personal representative of the Estate of Larry Wayne Kilburn in this matter appears to be the

proper exercise of the court's discretion under Rule 25(c). [2]

In contrast to the discretionary nature of Rule 25(c), the language of Nev. Rev. Stat. § 143.200 appears to mandate the substitution of Ms. Garcia as a party to this action, in light of Plaintiff's motion. Specifically, Nevada law provides that this action does not abate as a consequence Defendant VanderMay's removal as personal representative of the Defendant Estate. However, Nevada law also dictates that Ms. Garcia, as the appointed successor personal representative, must be substituted as a party to this action upon motion by either party.[3] It therefore appears that the substitution of Ms. Garcia as a Defendant in this action in place of Defendant VanderMay is permitted under Rule 25(c), and mandated under Nevada law.

Plaintiff also argues in his motion that the party noted within the caption as "THE ESTATE OF LARRY WAYNE KILBURN" is not a legal entity and should therefore be removed. Plaintiff contends that under Nevada law, Nev. Rev. Stat. § 143.060, an estate cannot be sued. Defendants raise no substantive objection to the removal of the Estate as a party.

It has long been recognized that an estate is not a legal entity, but rather a collection of assets and liabilities. Consequently, an estate cannot sue or be sued, and it is thus proper to name the representative of the estate, rather than the estate itself, as a party. *Blue Ridge Ins. Co. v. Stanewhich*, 142 F.3d 1145, 1150 (9th Cir. 1998). Indeed, Nev. Rev. Stat. § 143.060 indicates that any action which might have been maintained by or against the decedent may be maintained by or against a personal representative; not by or against the estate as an independent legal entity.[4] The Court therefore agrees with Plaintiff that the decedent's Estate is not a proper party to be named in this action.

For the forgoing reasons, the court finds, in the exercise of its sound discretion, that Maureen VanderMay should be replaced as a Defendant in this action with the current personal

---

[2] "Substitution 'will ordinarily be granted' but rule [25] gives [the] trial court discretion to account for potential unfairness or prejudice." Fed. R. Civ. P. 25 Advisory Committee Note (1963).

[3] Nev. Rev. Stat. § 143.200.

[4] "Actions for the recovery of any property…or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against a personal representative in all cases in which the action might have been maintained by or against the decedent." *See* Nev. Rev. Stat. § 143.060.

representative of the decedent's Estate, Heather Garcia. The caption shall be amended to reflect this substitution.[5] The court also finds that the party "THE ESTATE OF LARRY WAYNE KILBURN" named as a Defendant in this case should be removed from the caption.

Accordingly, Plaintiff's motion (Doc. # 23) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: July 21, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[5] The case caption as amended shall read: "Gary G. Campbell, [plaintiff] v. Heather Garcia, *as personal representative of The Estate of Larry Wayne Kilburn*, [defendant]." In addition, the party named "The Estate of Larry Wayne Kilburn" and currently listed as the second defendant in this matter shall be removed from the case caption.