UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GARY G. CAMPBELL

     Plaintiff,                3:13-cv-0627-LRH-WGC

v.

                                  ORDER

THE ESTATE OF LARRY WAYNE
KILBURN; *et al.*,

     Defendants.

     Before the court is plaintiff Gary G. Campbell's ("Campbell") motion to remand. Doc. #35.[1]
Defendant Heather Garcia ("Garcia"), personal representative of the Estate of Larry Wayne Kilburn ("the Estate"), filed an opposition (Doc. #37) to which Campbell replied (Doc. #38).

**I.    Facts and Procedural Background**

     On the morning of September 11, 2011, Larry Wayne Kilburn ("Kilburn") was driving southbound on US Route 95 in Mineral County, Nevada when he allegedly veered into the oncoming traffic lane and struck Campbell's vehicle. As a result of the accident, Campbell was seriously injured and Kilburn was killed.

     On August 26, 2013, Campbell filed a complaint for negligence against the Estate in state court. Doc. #1, Exhibit 2. In response, the Estate removed the action to federal court on the basis of diversity jurisdiction. Doc. #1. Thereafter, Campbell filed the present motion to remand. Doc. #35.

---

[1] Refers to the court's docket entry number.

## II.     Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity case, if a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.    Discussion

In his motion, Campbell concedes that the parties are diverse for diversity jurisdiction purposes, but argues that the notice of removal is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See* Doc. #35. In his complaint, Campbell only requests damages in excess of $10,000.00 as required under the Nevada Rules of Civil Procedure. Thus, defendant Garcia bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Sanchez*, 102 F.3d at 404.

In her opposition, Garcia argues that Campbell's initial settlement offer of $100,000, the policy limit for Kilburn's insurance, is sufficient to establish the amount in controversy and thereby diversity jurisdiction. The court agrees. The court is persuaded by the fact that Campbell initially demanded an amount over the $75,000 amount in controversy requirement to settle this action, that

1  such amount was the policy limit under Kilburn's insurance policy, and that Campbell's demand
2  was refused. Therefore, the court finds that Garcia has met her burden to prove that the amount in
3  controversy has been met. Accordingly, the court shall deny Campbell's motion to remand.

5  IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #35) is DENIED.
6  IT IS SO ORDERED.
7  DATED this 9th day of October, 2014.

   _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE