1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9    GARY G. CAMPBELL,                    )           3:13-cv-00627-LRH-WGC
                                          )
10              Plaintiff,                )                 **ORDER**
                                          )
11       vs.                              )            **re:  Doc. # 48**
                                          )
12   HEATHER GARCIA,                      )
                                          )
13              Defendant.                )
     _____)

14

15       Before the court is Plaintiff's Motion to Strike Expert Designation or in the Alternative, Motion

16   for Leave to Take Expert Deposition. (Doc. # 48.)[1] Defendant has opposed (Doc. # 51) and pursuant to

17   the direction of the court, filed an Errata (Doc. # 52). The court conducted a discovery conference on

18   Plaintiff's motion on February 27, 2015, indicating the court has taken Plaintiff's motion under

19   advisement and would be addressing and ruling on the motion in a subsequent formal order. (Doc. # 53.)

20       Having considered the filings of the parties and arguments of counsel, the court finds

21   Defendant's expert, Dr. Betz, does not qualify as a rebuttal expert and Plaintiff's motion (Doc. # 48) is

22   granted in part and denied in part, as explained herein..

23                                    **BACKGROUND**

24       The parties' Stipulated Discovery Plan and Scheduling order called for "FRCP 26(a)(2) expert

25   disclosures to be made by December 19, 2014, and rebuttal expert disclosure to occur on or before

26   January 19, 2015. (Doc. # 40 at 2.) Plaintiff served his two expert reports on December 18, 20115. (Doc.

27   # 48 at 3.) Defendant apparently did not serve any initial expert disclosures, but on January 20, 2015,

28

_____

[1]  Refers to court's docket number.

1 │ served what was entitled, "Defendant's Initial Expert Disclosure Pursuant to FRCP 26(a)(1)." (Doc.

2 │ # 48-1.). Defendant identified "Jay E. Betz, M.D., CIME, CHCQ, FABQUAP" as her expert witness and

3 │ attached Dr. Betz's report, Curriculum Vitae and fee schedule. (*Id.*)

4 │ 　　　　After Plaintiff filed his motion to strike Defendant's expert witness disclosure, or alternatively,

5 │ seeking leave to take this expert's deposition (Doc. # 48), Defendant's counsel filed an "Errata" to

6 │ Defendant's Expert Disclosure, identifying Dr. Betz as "Defendant's *Rebuttal* Expert Disclosure on

7 │ February 9, 2015. (Doc. # 49; emphasis added.)

8 │ 　　　　Plaintiff's motion to strike argues Dr. Betz is not a legitimate rebuttal expert and to the extent

9 │ his report constitutes a general expert disclosure, it is untimely. (Doc. # 48.) Defendants' Opposition and

10 │ Errata clarify Dr. Betz was disclosed solely as a rebuttal expert. (Docs. ## 51, 52.)[2] Defendant states that

11 │ upon receipt of Plaintiff's retained experts, Defendant "retained Dr. Jay Betz to review Plaintiff's

12 │ medical records as well as the expert reports of Dr. Antonuccio and Dr. Song." (Doc. # 51 at 2.)

13 │ Defendant submits that pursuant to his retainer, Dr. Betz reviewed Plaintiff's medical records and the

14 │ Antonuccio and Song reports and, *inter alia*, provided an opinion contrary to that reached by Dr. Song.

15 │ (*Id.*, at 3.)

16 │ 　　　　Exhibit 1 to Defendant's Errata is the letter counsel sent to Dr. Betz confirming his retention to

17 │ "perform a medical records review for [counsel] on the Plaintiff, Gary Campbell." Counsel's letter

18 │ describes the accident which is the subject of this litigation and summarizes Plaintiff's injuries and

19 │ medical treatment.  In addition to providing the reports of Drs. Antonuccio and Song, counsel enclosed

20 │ copies of extensive medical records.  Counsel asked Dr. Betz:

21 │ 　　　I would appreciate it if you would provide a report of your opinion which comment on
　 │ 　　　the records reviewed and your findings which specifically discuss the etiology of Mr.
22 │ 　　　Campbell's medical and emotional problems, and whether, based on your review of th
　 │ 　　　submitted records, your clinical experience, and any applicable research, the need for any
23 │ 　　　additional treatment is necessary."

24 │ (Doc # 52-1.)

25 │ 　　　　Notably absent in counsel's letter of retention was any statement to Dr. Betz that he was being

26 │

27 │ 　　　[2] Defendant also argues in a separate filing that Plaintiff's expert witness designations were "clearly insufficient
　 │ under Fed. R. Civ. P. 26 and will be challenged by Defendant through separate motions to strike." (Doc. # 51 at 2.) This issue
　 │ is not addressed in this order, but will be considered by the court when Defendant's motion(s) to strike (*see, e.g.,* Doc. # 54)
28 │ are fully briefed.

1  specifically retained to address and rebut the opinions of Plaintiff's identified experts, Dr. Antonuccio

2  and Dr. Song.  To be sure, counsel advised Dr. Betz that these two health care providers were identified

3  as experts and their reports were provided Dr. Betz (along with almost 1,000 pages of other medical

4  records). However, there was no instruction to Dr. Betz that he was retained to rebut their opinions and

5  conclusions. (Docs. ## 52, 52-1 at 2-3.)

6  **STANDARD GOVERNING REBUTTAL EXPERT WITNESSES**

7  As Defendant recognizes in his opposition, "'[t]he function of rebuttal testimony is to explain,

8  repel, counteract or disprove evidence of the adverse party.' <u>Marmo v.Tyson Fresh Meats, Inc.</u>, 457 F.3d

9  748, 759 (8th Cir. 2006). Rebuttal evidence is used to challenge or counter the evidence, theories or

10  opinion of the other party. <u>Id.</u>" (Doc. # 51 at 3.)

11  This court has itself previously addressed the law pertaining to rebuttal experts in *Downs v. River*

12  *City Group, LLC, et al.*, No. 3:11-cv-00885-LRH-WGC, 2014 WL 814303 at *2 (D. Nev., Feb. 28,

13  2014):

14  Rebuttal expert testimony is restricted to subjects which are "intended solely to
   <u>contradict or rebut</u> evidence on the same subject matter identified by another party." Fed.
15  R. Civ. P. 26(a)(2)(c)(ii); (emphasis added.). Magistrate Judge Lawrence Leavitt
   discussed the subject of what constitutes legitimate rebuttal expert testimony in a
16  decision cited by both parties in this matter, *R & O Const. Co. v. Rox Pro Intn'l Group,*
   *Ltd.*, No. 2:09-cv-01749-LRH-LRL, 2011 WL 2923703 (D. Nev., July 18, 2011):

17

18  Rebuttal expert reports "necessitate 'a showing of facts supporting the
   opposite conclusion' of those at which the opposing party's expert arrived
19  in their responsive reports." *Bone Care Int'l, LLC v. Pentech*
   *Pharmaceuticals, Inc.*, 2010 WL 389444 (N.D. Ill. Sep. 30, 2010)
20  (quoting *ABB Air Preheater, Inc. v. Regenerative Environmental Equip.,*
   *Inc.,* 167 F.R.D. 668, 669 (D. N.J. 1996). Rebuttal expert reports are
   proper if they contradict or rebut the subject matter of the affirmative
21  expert report. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625,
   636 (D. Haw. 2008). They are not, however, the proper place for
22  presenting new arguments. *1-800 Contacts, Inc. v. Lens. com, Inc.*, 755
   F.Supp.2d 1151, 1167 (D. Utah 2010); *see LaFlamme v. Safeway, Inc.*,
23  2010 WL 3522378 (D. Nev. Sep. 2, 2010); *cf. Marmo v. Tyson Fresh*
   *Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006) ("The function of rebuttal
24  testimony is to explain, repel, counteract or disprove evidence of the
   adverse party.") (citation omitted). "If the purpose of expert testimony is
25  to 'contradict an expected and anticipated portion of the other party's
   case-in-chief, then the witness is not a rebuttal witness or anything
26  analogous to one' "*Amos v. Makita, U.S.A.*, 2011 WL 43092 at * 2 (D.
   Nev. Jan. 6, 2011) (quoting *In re Apex Oil Co.*, 958 F.3d 243, 245 (8th
27  Cir. 1992)); *see also Morgan v. Commercial Union Assur. Cos.*, 606 F.2d
   554, 556 (5th Cir. 1979); *LaFlamme*, 2010 WL 3522378 at * 3. Rather,
28  rebuttal expert testimony "is limited to 'new unforeseen facts brought out

1
2

in the other side's case.' "*In re President's Casinos, Inc.*, 2007 WL 7232932 at * 2 (E.D. Mo. May 16, 2007) (quoting *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991)).

3
4
5
6

Expert testimony which is not truly rebuttal in nature shall not be allowed at trial, unless the failure to disclose information required by Rule 26(a) was "harmless" or "substantially justified." Fed. R. Civ, P. 37(c)(1). The sanction of preclusion is "automatic and mandatory unless the sanctioned party can show its violation...was either justified or harmless." ( *R & O Const. Co.,* 2011 WL 2923703 at * 2, citing *Salgado v. General Motors Corp.,* 150 F.2d 735, 742 (7th Cir. 1998).)

7

**DISCUSSION AND ANALYSIS**

8
9
10
11
12

In applying the standard enunciated in *Marmo* (457 F.3d at 759) that the function of rebuttal testimony is to "explain, repel, counteract or disprove evidence of the adverse party," and as stated in *Cates*, that rebuttal expert witness testimony is "limited to 'new, unforeseen facts brought out in the other side's case'" (*Cates*, 928 F.3d at 685), it is difficult for this court to view Dr. Betz as a legitimate expert witness.

13
14
15
16
17

The Betz report did not directly address the findings of Plaintiff's primary experts' reports. Rebuttal experts must "restrict their testimony to attacking the theories offered by the adversary's experts." *R & O Const. Co.*, 2011 WL 2923703 at * 2. Instead, Dr. Betz's report was a general summary of Plaintiff's injuries, treatment and prognosis, with only passing reference to the opinions and conclusions of Drs. Antonuccio and Song.

18
19
20
21
22
23

Highly analogous to the *Downs* matter and this case is the decision of District Judge James C. Mahan in *Goben v. Wal-Mart Stores, Inc.*, 2:12-cv-00086-JCM-VCF, 2014 LW 2736088 (D. Nev. June 16, 2014). In *Goben*, Judge Mahan excluded the testimony of Wal-Mart's rebuttal expert. Third Party Defendant North American Roofing (N.A.R.) had argued that Wal-Mart's expert's five page report contained only one paragraph referred to N.A.R.'s expert: "the rest of the report is full of independent analysis relating to the cause of the puddle that the plaintiff slipped in." (*Id*., at *2.)

24
25
26
27
28

Judge Mahan's order cited this court's analysis in *Downs* that "a rebuttal expert report must 'directly address the findings...of the primary expert's report' rather than the general subject of the matter of the case." (*Id.*) A rebuttal expert must restrict his report and testimony "to attacking the theories offered by the adversary's experts." *Goben*, *id., a*t *3, *citing R & O Const.* at * 2. Judge Mahan concluded:

4

1
2
3

> Wal-Mart had an opportunity to disclose a roofing expert, but it chose not to do so. In response to N.A.R.'s disclosure of a roofing expert, Wal-Mart disclosed Orchard as a rebuttal expert. Orchard's report goes far beyond simply trying to discredit or explain Cecchi's findings, and instead focuses on an alternative theory of causation.

(*Id*.)

4      This court reaches a similar conclusion with respect to Dr. Betz's report. Dr. Betz himself

5  characterizes his assignment and report not as addressing the conclusions and opinions of Plaintiff's

6  experts, but that he was under an evaluation of the case in general:

7      Dear Mr. Pintar:

8
9
10

> At your request, I reviewed the documentation related to a vehicular accident on September 11, 2011 involving Gary Campbell and Larry Kilburn. I also reviewed the extensive medical record of Gary Campbell in an effort to determine the etiology of his medical and emotional problems. I will also comment regarding the need for future medical care for accident related pathologies, if any.

11  (Doc. # 48-1 at 5.)

12      In the 8 page expert report prepared by Dr. Betz, one paragraph is devoted to Dr. Antonuccio's

13  report and another paragraph summarizes Dr. Song's report. (*Id*., at 10.) Dr. Betz provides no

14  commentary, analysis or rebuttal to Plaintiff's expert's reports in his "Discussion & Conclusions."

15  Instead, as noted above, he mainly provides a general overview of Plaintiff's injuries and prognosis. His

16  retention and report are matters which should have been identified with th first disclosure deadline.

17      Thus, the court concludes Dr. Betz's report is not a legitimate or authorized expert report.  Other

18  decisions of the District Court, in addition to that of Judge Mahan, have reached similar conclusions

19  under analogous circumstances. *See, e.g., Calvert v. Ellis*, 2:13-cv-00464-APG-NJK, 2014 WL 3897949

20  (D. Nev. Aug. 8, 2014); *Monroe v. Davis*, 2:13-cv-00863-GMN-NJK, 2014 WL 3845121 (D. Nev.

21  Aug. 4, 2014).

22      **EVALUATION OF WHETHER THE VIOLATION WAS JUSTIFIED OR HARMLESS**

23      Although this court has determined Dr. Betz does not qualify as a rebuttal expert, the court must

24  consider whether the Betz report might be utilized in Defendant's case in chief as opposed to outright

25  exclusion of this witness.

26      The *Makita* and *Amos* cases identified four factors or criteria which a district court should utilize

27  in determining whether a violation of a discovery deadline is justified or harmless: (a) prejudice or

28  surprise to the party against whom the evidence is offered; (b) the ability of that party to cure the

1  prejudice; (c) the likelihood of disruption of the trial; and (d) bad faith or willfulness involved in not

2  timely disclosing the evidence. *Makita.* 2011 WL 43092 at * 2 (D. Nev. Jan. 6, 2011); *Amos*, 2011 WL

3  43092 at *4 (D. Nev. Jan. 6, 2011). *Makita* also instructs that where the harm can easily be remedied,

4  "exclusion is not the proper sanction." *Makita,* 2011 WL 43092 at * 4; *Monroe,* 2014 WL 3845121 at

5  *6.

6         Defendant argues that "even if it could be considered that Dr Betz's disclosure was untimely,"

7  any "harm" to Plaintiff could be overcome by granting Plaintiff's alternative request to be allowed to

8  depose Dr. Betz. Defendant also discusses the *Amos* decision where a four factor test is utilized in

9  determining "whether a violation of a discovery deadline was justified or harmless." (Doc. # 51 at 4;

10  *Amos*, 2011 WL 43092 at *4.)

11         The problem with Defendant's argument is not whether Dr. Betz's disclosure was untimely or

12  whether Defendant missed a discovery deadline. The primary issue is whether Dr. Betz's report should

13  be considered a qualified rebuttal expert report in the first instance; this court has determined it is not.

14  The burden of proving "harmlessness" is on the party facing the sanctions, i.e., Defendant Garcia. *Yeti*

15  *by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2011).

16         With regard to prejudice, conceivably the court could allow the Betz report to be considered as

17  an initial expert disclosure and permit Plaintiff to depose Dr. Betz. But that analysis has to be taken one

18  step further.  If Dr. Betz were to be deposed, should Plaintiff then be entitled to submit rebuttal expert

19  reports?  If yes, should Defendant then be allowed to depose Plaintiff's rebuttal expert(s)?

20         These considerations must be taken into account in light of the discovery deadline (February 16,

21  2015) which has now passed, and the rapidly approaching deadline for dispositive motions (March 18

22  2015) and the deadline for filing the joint pretrial order (April 17, 2015). The Discovery Plan and

23  Scheduling Order (Doc. #40) was entered in this case in September and the deadlines, including those

24  for expert and rebuttal experts, were known for months in advance of the deadlines.

25         The court is well aware of the general rule that excluding expert testimony is disfavored where

26  there are "other, less severe sanctions available." *Makita*, 2011 WL 43092 at * 3-4, *citing Galantine v.*

27  *Holland America LineWestours, Inc.*, 333 F.Supp. 2d 991, 993-994 (W.D. Wash. 2004). The court has

28  wide latitude in resolving discovery disputes involving experts. *Makita*, 2011 WL 43092 at * 4. In this

1 case, excluding Dr. Betz's report would admittedly be a harsh remedy. Accordingly, the court will allow

2 Defendant to utilize the Betz report, but only under certain conditions which are designed to ameliorate

3 the fact Dr. Betz had the advantage of reviewing Plaintiff's expert's reports in advance of undertaking

4 his own analysis.

5       Similar to the procedure this court employed in *Downs* (2014 WL 814303 at * 6),  the court will

6 allow Defendant to call Dr. Betz as an expert witness, subject to the following restrictions:

7       (1)    Plaintiff may depose Dr. Betz, if desired.

8       (2)    Plaintiff may retain one or more rebuttal experts to address Dr. Betz's opinions and

9              conclusions, if desired.

10      (3)    Because Dr. Betz conceivably gained a tactical advantage by having access to the reports

11             of Drs. Antonuccio and Song prior to preparing his report, the Jury shall be advised that

12             Dr. Betz's January 18, 2015 report was prepared after and with the benefit of first having

13             reviewed the reports of Drs. Antonuccio and Song.

14      The conditions imposed by the court will impact the now-passed discovery deadline and will

15 affect the deadlines for dispositive motions and the joint pre-trial order. Therefore, the deadlines for

16 those events are **VACATED** until further order of the court. The court directs Plaintiff's counsel to

17 advise which options he elects under this court's order in a Notice to be filed no later than **March 27,**

18 **2015.**

19 **IT IS SO ORDERED.**

20 DATED:  March 6, 2015.

21                                     _____
                                       WILLIAM G. COBB
22                                     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28