UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GARY G. CAMPBELL

      Plaintiff,

v.

THE ESTATE OF LARRY WAYNE KILBURN; *et al.*,

      Defendants.

3:13-cv-0627-LRH-WGC

ORDER

Before the court is plaintiff Gary G. Campbell's ("Campbell") motion partial for summary judgment on the issue of liability. Doc. #59.[1] Defendant Heather Garcia ("Garcia"), personal representative of the Estate of Larry Wayne Kilburn ("the Estate"), filed an opposition (Doc. #63) to which Campbell replied (Doc. #66).

**I.     Facts and Procedural Background**

On the morning of September 11, 2011, Larry Wayne Kilburn ("Kilburn") was driving southbound on US Route 95 in Mineral County, Nevada when he allegedly veered into the oncoming traffic lane and struck Campbell's vehicle. As a result of the accident, Campbell was seriously injured and Kilburn was killed.

On August 26, 2013, Campbell filed a complaint for negligence and negligence per se against the Estate in state court. Doc. #1, Exhibit 2. In response, the Estate removed the action to

---

[1] Refers to the court's docket entry number.

federal court on the basis of diversity jurisdiction. Doc. #1. Campbell then filed a first amended complaint. Doc. #7. Thereafter, Campbell filed the present motion for summary judgment on the issue of liability. Doc. #59.

**II.     Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cnty of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III. Discussion

To prevail on a claim for negligence under Nevada law, Campbell must establish that: (1) Kilburn owed Campbell a duty of care; (2) Kilburn breached that duty; (3) the breach was the legal cause of Campbell's injury; and (4) damages. *See Scialabba v. Brandise Const. Co.*, 921 P.2d 928, 930 (Nev. 1996); *Perez v. Las Vegas Med. Ctr.*, 805 P.2d 589, 590 (Nev. 1991). Similarly, to prevail on a claim for negligence per se, Campbell must establish that: (1) there is a law or statute that governs particular activity; (2) he belonged to the class of persons that the law or statute was designed to protect; and (3) that Kilburn violated the statute causing injury to Campbell. *Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (Nev. 1997).

In his motion, Campbell contends that the undisputed evidence establishes that Kilburn was negligent when he drove his vehicle into the oncoming lane along US Route 95 and struck Campbell's vehicle head-on. *See* Doc. #59. The court agrees.

First, it is undisputed that drivers, like Kilburn, have a duty established by law to all other drivers to operate a vehicle safely and to stay within the designated lanes. *See* NRS 484B.200 (stating that all persons must drive on the right side of the highway and in the appropriate lane of travel). Second, it is undisputed that Kilburn breached that duty by leaving his own lane of travel, crossing the center yellow line, and entering the lane of travel for oncoming traffic before striking Campbell's vehicle. *See* Doc. #59, Exhibit 3, NHP Major Accident Investigation Report. Therefore, based on the undisputed evidence in this action, the court finds that defendant Kilburn was negligent in operating his motor vehicle and the court shall enter summary judgment on the issue of liability for negligence and negligence per se accordingly.

In opposition, Garcia's sole argument is that questions of fact remain as to why Kilburn's vehicle crossed over the center divider and struck Campbell's vehicle. Specifically, Garcia contends that it is unknown whether Kilburn had a heart attack of some other intervening medical problem which caused him to cross into oncoming traffic. However, there is no evidence to support

1  Garcia's position. Instead, Garcia's argument is based entirely on unsupported speculation.
2  Discovery in this action was completed months ago and contrary to Garcia's position, there is no
3  evidence in the record to suggest that Kilburn had a medical emergency prior to the accident. As
4  such, the court finds that there are no disputed issues of fact on the issue of liability and, therefore,
5  the court shall grant Campbell's motion.

7  IT IS THEREFORE ORDERED that plaintiff's motion for partial summary judgment on
8  the issue of liability (Doc. #59) is GRANTED.
9  IT IS SO ORDERED.
10  DATED this 22nd day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE