UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GARY G. CAMPBELL,

    Plaintiff,

v.

THE ESTATE OF LARRY WAYNE KILBURN; *et al.*,

    Defendants.

3:13-cv-0627-LRH-WGC

ORDER

    Before the court is defendant Heather Garcia's ("Garcia"), as personal representative of the Estate of Larry Wayne Kilburn ("the Estate"), motion for partial summary judgment on the issue of emotional damages. Doc. #69.[1] Plaintiff Gary G. Campbell ("Campbell") filed an opposition (Doc. #70) to which Garcia replied (Doc. #72).

**I.   Facts and Procedural Background**

    On the morning of September 11, 2011, Larry Wayne Kilburn ("Kilburn") was driving southbound on US Route 95 in Mineral County, Nevada when he allegedly veered into the oncoming traffic lane and struck Campbell's vehicle. As a result of the accident, Campbell was seriously injured and Kilburn was killed.

    On August 26, 2013, Campbell filed a complaint for negligence and negligence per se against the Estate in state court. Doc. #1, Exhibit 2. In response, the Estate removed the action to

---

[1] Refers to the court's docket entry number.

1 federal court on the basis of diversity jurisdiction. Doc. #1. Campbell then filed a first amended
2 complaint. Doc. #7. In his complaint for negligence, Campbell requests pain and suffering
3 stemming from the accident including emotional damages related to alleged Post Traumatic Stress
4 Disorder ("PTSD"). *Id*. In response, defendant Garcia filed the present motion for partial summary
5 judgment on the issue of emotional damages. Doc. #69.

**II.     Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cnty of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

In her motion, Garcia seeks to have all of Campbell's damage claims for PTSD and/or other emotional damages dismissed from this action. Doc. #69. Garcia argues that because Campbell has failed to allege a claim for negligent infliction of emotional distress, his claims for emotional damages stemming from the accident and from hearing about the death of Kilburn, along with any PTSD that resulted, should be dismissed from this action. The court disagrees.

It is undisputed that Campbell has only filed claims for negligence and negligence per se against the Estate. However, that does not, in and of itself, prevent Campbell from seeking emotional distress damages. If Campbell had not suffered any physical injuries as a result of the accident, then perhaps Garcia's arguments would merit consideration by the court. Here, however, Campbell has alleged that he has suffered serious injuries as a result of the crash and is seeking damages for that pain and suffering. As part of his claim for injuries, Campbell contends that he suffers PTSD as a result of the accident. Thus, the resultant emotional damages are part of the underlying physical injury. Campbell has made no claim that his PTSD was solely the result of learning that Kilburn died in the accident. Rather, his damages claim is based on allegations that his PTSD resulted from the trauma he experienced throughout the whole accident.

Campbell's requested emotional damages are within the realm and confines of normal personal injury damages as they constitute mental pain and anguish as the result of a physical injury. This is not the case or instance where a person is solely claiming emotional damages from an accident in which no physical injury resulted. Rather, Campbell has alleged that he suffered mental as well as physical trauma from the accident. Such damages are generally and regularly compensable in negligence tort actions. Therefore, the court shall deny defendant's motion.

///

IT IS THEREFORE ORDERED that defendant's motion for partial summary judgment (Doc. #69) is DENIED.

IT IS FURTHER ORDERED that the parties shall have sixty (60) days after entry of this order to prepare and submit a joint pre-trial order.

IT IS SO ORDERED.

DATED this 10th day of July, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE