UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY G. CAMPBELL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>HEATHER GARCIA,<br><br>　　　　　　　　　　　Defendant. | 3:13-cv-00627-LRH-WGC<br><br>ORDER ON DEFENDANT'S MOTION TO STRIKE<br><br>(Doc. #73) |

　　　Before the court is Defendant Heather Garcia's Motion to Strike. (Doc. #73.)[1] Plaintiff Gary G. Campbell filed a response. (Doc. #77.) Heather Garcia filed a reply. (Doc. #79.)

## **I. BACKGROUND**

　　　On September 11, 2011, a motor vehicle accident between Plaintiff Gary Campbell, who was operating a tractor-trailer, and Larry Wayne Kilburn, represented by Heather Garcia in this matter, resulted in the death of Mr. Kilburn. (Doc. #7.) Plaintiff commenced this lawsuit seeking damages due to injuries sustained in the accident. (*Id*.)

　　　Defendant's instant Motion to Strike arises out of a dispute concerning the supplemental report of Mr. Michael Song, M.D., Plaintiff's expert witness. Dr. Song is a licensed neurosurgeon whom Plaintiff retained to provide expert testimony regarding causation and damages issues. (Doc. #45.) Dr. Song's opinion, as outlined in the expert report, pertaining to Plaintiff's injuries and medical billings were condensed into three general bullet points. (Doc. #45-1 at 2.) On March 4, 2015, Defendant filed its first Motion to Strike in order to preclude Dr. Song from testifying at trial because Defendant contends that the expert report failed to comply with the requirements in Fed. R. Civ. P. 26(a)(2)(B). (Doc. #54.)

---
[1] Refers to the court's docket number.

1  On April, 2015, a hearing was held regarding Dr. Song's expert report, where the court
2  denied Defendant's Motion to Strike but agreed that Plaintiff's expert report lacked specificity as
3  to (1) Plaintiff's pre-existing medical conditions prior to the accident of September 11, 2011, and
4  (2) Dr. Song's opinions about the reasonableness of the medical expenses. (Doc. #65.) The court
5  directed both parties to meet and confer to address the deficiencies of Dr. Song's expert report.
6  Additionally, Defendant's counsel was to provide a list of the claimed deficiencies within
7  Dr. Song's expert report, and Plaintiff's counsel was to produce to Defendant a supplemental
8  report after receipt of the list. (*Id*.)
9  On April 28, 2015, Defendant received Dr. Song's supplemental report. The report
10 summarized his medical opinion concerning Plaintiff's spinal condition before accident which
11 occurred on September 11, 2011, and all the medical records and billings he reviewed that
12 provided a basis for his opinion that the incurred charges seemed reasonable for Northern and
13 Southern Nevada. (Doc. #68-1 at 2.)
14 On May 14, 2015, Defendant emailed a second meet and confer letter to Plaintiff
15 specifically requesting additional information pertaining to medical bills Dr. Song reviewed and
16 the specific amount of charges Dr. Song believed were necessary and reasonably incurred by
17 Plaintiff. On May 29, 2015, Plaintiff rebuffed Defendant's request, averring that "nothing
18 requires an expert to give an exact dollar amount as to what is a reasonable charge."
19 Doc. #73 at 16.
20 On June 19, 2015, Defendant filed the instant Motion to Strike pertaining to the
21 supplemental report's failure to address the specific medical bills that Dr. Song opines were
22 necessary and reasonably incurred. (Doc. #73.)
23 On July 2, 2015, Plaintiff's response asserted that Dr. Song's opinion concerning the
24 reasonableness of the medical bills was not simply a "base assertion" but was supported by
25 specific references to the reviewed medical records that his supplemental report referenced by
26 Bates Number. (Doc. #77.)
27 On July 13, 2015, Defendant's reply reiterates the same reasoning found in the Motion to
28 Strike. (Doc. #79.) Defendant seeks a court order to strike Dr. Song's supplemental report or in

the alterative, be allowed to depose Dr. Song but have Plaintiff's pay for the costs (estimated $3000).

## II. LEGAL STANDARD

Fed. R. Civ. P. 26(a)(2)(A) requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). For experts "retained or specially employed," the disclosure requirements are as follows:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Expert reports eliminate unfair surprise and conserve resources. *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D.Nev. 1998). District courts must act "in a 'gatekeeping role,' to assess whether the reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843 (9th Cir. 2014) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93, 597, 509 (1993) (internal quotations marks omitted).

## III. DISCUSSION

The narrow issue before the court is Dr. Song's opinions of the reasonableness of certain medical bills incurred by Plaintiff and reviewed by Dr. Song. (Doc. #68-1 at 2.) Under Rule 26(a)(2)(B), an expert report requires disclosure of the facts or data considered by the

witness in forming his/her opinion. Dr. Song's supplemental report indicated, by Bates Number, the medical records and billings he reviewed in arriving at his opinion. Defendant's sole contention in filing this motion pertains to Item 5 of Defendant's list, which requests:

> 5. What medical bills was Dr. Song provided to review and what is the specific amount of charges he feels were necessary and reasonably incurred by Mr. Campbell.

Doc. #73.

Dr. Song's response, found in the supplemental report, is as follows:

> Please note that I had reviewed Concentra medical records and billing, at Bates, #000001-0000036, Record No. 1, Record No. 2; Avizent Psych report, at Bates, 271-273; Firooz Mashhood, MD, medical records and billing, at Bates, #000037-000176; Insight Imaging medical records and billing, at Bates, #NOS000177-000182; Interventional Pain Management medical records and billing, at Bates, #000215-000234; Kelly Hawkins, PT, medical records and billing, at Bates, #NOS000183-000214; and Louis Mortillaro, PhD, medical records and billing, at Bates, #000235-000270.

Doc. #68-1 at 2.

The court finds that Dr. Song's review of those records and the corresponding Bates Numbers identifying those documents are sufficient under Rule 26(a)(2)(B)'s requirement to disclose data that formed the expert's opinion. Rule 26(a)(2)(B), governing initial disclosures, does not require Dr. Song to provide the exact details, especially when such details can be explored further at a deposition or at trial during cross-examination. Plaintiff's argument that Dr. Song's supplemental report does not provide any additional information than the original report is unconvincing because the supplemental report included Dr. Song's opinion as to Plaintiff's prior medical condition, and as important to the present motion, an identification of what records were reviewed, the Bates Number of such records, and his opinion as to the reasonableness of the medical billing of Plaintiff's treatment as compared to the Northern Nevada and Southern Nevada areas. The court finds that Dr. Song's additional information in the supplemental report provides sufficient information to satisfy Rule 26(a)(2)(B).

### IV. CONCLUSION

The court finds no reason to strike Dr. Song's expert testimony insofar as Dr. Song's opinion pertains to reasonable charges based on the exact medical record and billing that Dr. Song reviewed and identified by Bates Numbers in the supplemental report. The supplemental report produced by Plaintiff was sufficient to meet the requirements of Rule 26(a)(2)(B). Therefore, Defendant's Motion to Strike is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 20, 2015.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**