MARJORIE HAUF, ESQ.
Nevada Bar No. 8111
CARA XIDIS, ESQ.
Nevada Bar No. 11743
GANZ & HAUF
8950 W. Tropicana Ave, Suite 1
Las Vegas, Nevada 89147
Tel: (702) 598-4529
Fax: (702) 598-3626
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GARY G. CAMPBELL, an individual,

    Plaintiff,

vs.

HEATHER GARCIA, as personal representative of THE ESTATE OF LARRY WAYNE KILBURN,

    Defendant.

Case No.: 3:13-cv-00627-LRH-WGC

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S PAST MEDICAL BILLS AND COLLATERAL SOURCE EVIDENCE

COMES NOW, Plaintiff, Gary Campbell, by and through his attorneys of record at the law firm of Ganz & Hauf, and hereby files this Motion in Limine to Exclude Plaintiff's Past Medical Bills and Collateral Source Evidence. This Motion is based upon the pleadings and papers on file herein, and any oral argument this Court may entertain.

DATED this 22nd day of February, 2016.

GANZ & HAUF

_____
CARA XIDIS, ESQ.
Nevada Bar No. 11743

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

On or about September 10, 2011, Larry Kilburn ("Mr. Kilburn") was preparing to move from Sutherlin, Oregon to Luning, Nevada. Mr. Kilburn packed up his pick-up truck and trailer attachment. At approximately 4:30 p.m., Mr. Kilburn left his Oregon home and drove thirty minutes to his daughter, Heather Garcia's, house. Larry and Heather enjoyed dinner together, and at 10:00 p.m., Mr. Kilburn left Heather's house. He planned to drive straight through to Luning. Traveling at the speed limit, the trip would take approximately ten hours, on average. Mr. Kilburn was expected to arrive in Luning, Nevada, the next morning at 8:00 a.m.

At 7:40 a.m. on September 11, 2011, Mr. Kilburn was driving south on US-95, in Mineral County, Nevada, four miles north of Hawthorne, Nevada. He veered into the oncoming lane of traffic. A semi-truck driven by Plaintiff was in the oncoming lane. Plaintiff tried to avoid the crash, but he was not able to. The vehicles collided, and the semi-truck crashes into a ditch and thru a fence on the other side of the road.

As a result of the collision, Plaintiff was seriously injured, and Mr. Kilburn was fatally wounded as a result of this collision. A Petition for the Administration of his Estate was filed in the State of Oregon, and Heather Garcia was appointed personal representative of the estate.

## II. APPLICABLE LAW

The primary purpose of a motion in limine is to prevent prejudice at trial. *Brodit v. Cambra,* 350 F.3d 985, 1004-1005 (Cal 2003). This Court has authority to issue a preliminary ruling on the admissibility of evidence. The decision to do so is vested to the sound discretion of this Court. *United States v. Kennedy,* 714 F.2d 968, 975 (9th Cir. 1983), cert. denied, 465 U.S. 1034 (1984). Such motions are designed to simply the trial and avoid prejudice that often occurs

when a party is forced to object in front of the jury to the introduction of evidence. *Fenimore v. Drake Construction Co.,* 549 P.2d 483 (Wash. 1976).

As a threshold requirement, all relevant testimony is admissible. Fed. Rule of Evid. 402. Relevant evidence is evidence that makes the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. Rule of Evid. 401. The Court has the discretion to simplify the issues and to exclude evidence, even if it is relevant, if its probative value is substantially outweighed by the danger that it will confuse the issues or mislead the jury. Fed. Rule of Evid. 403.

## III.   ARGUMENT

### A.   Plaintiff's Past Medical Bills Should Be Excluded

Plaintiff does not intend to claim, as an element of his damage, the amount of his past medical expenses incurred for the care and treatment of the injuries related to the subject crash. While there will be evidence of the medical care Plaintiff received after the crash, he intends only to pursue damages related to future medical specials, if any, and past and future pain, suffering, disability, and/or loss of enjoyment of life he has suffered, and will continue to suffer, as a result of his injuries. Plaintiff's pain and suffering damages will be proven up by his own testimony, the testimony of lay witnesses, and the testimony of various medical experts.

Because Plaintiff will not claim the amounts of the medical expenses as items of damage at trial, and because there is no logical connection between the amount charged (or paid) for a medical service and the pain or suffering that resulted from Plaintiff's injuries, the bills (the documents themselves), and the amounts (individually, or as a whole), would all be irrelevant to the claims being made in this case. These items would be irrelevant, as they would have no "tendency to make a fact more or less probable than it would be without the evidence." Fed. Rules of Evid. 401. Because the evidence is not relevant, it is not admissible. Id.

*1.   Plaintiff's past medical damages are irrelevant and inadmissible under Rule 401 of the Federal Rules of Evidence.*

The Nevada Supreme Court has "long held that 'in actions for damages in which the law provides no legal rule of measurement it is the special province of the jury to determine the amount that ought to be allowed….'" Stackiewicz v. Nissan Motor Corp., 100 Nev. 443, 454-55, 686 P.2d 925, 932 (1984). The Supreme Court has further noted that, "the elements of pain and suffering are wholly subjective. It can hardly be denied that, because of their very nature, a determination of their monetary compensation falls peculiarly within the province of the jury…." Id.; see also Wyeth v. Rowatt, 126 Nev. Adv. Rep. 44, 244 P.3d 765, 782 (2010) ("Damages for pain and suffering are peculiarly within the jury's province").

While the Nevada Supreme Court has not specifically ruled on the issue of the relevancy of medical bills to pain and suffering,[1] its insistence that damages for pain and suffering are strictly for the jury to consider, comports with courts in other jurisdictions that have ruled on this issue. See, e.g., Martin v. Soblotney, 502 Pa. 418, 466 A.2d 1022 (1983) (ruling that the amount of money expended on medical treatment and related expenses has no relevance or correlation to the extent of pain and suffering); LaBar v. McDonald, 2012 U.S. Dist. LEXIS 9641 (E.D. Pa. Jan. 27, 2012) ("medical expenses incurred are not relevant to establish the severity of the injuries sustained"); (Payne v. Wyeth Pharmaceuticals, Inc., 2008 U.S. Dist. LEXIS 91849 (E.D. Va. Nov. 12, 2008) (ruling plaintiff's medical bills were irrelevant as to plaintiff's pain and suffering); Roark v. Wal-Mart La., LLC, 2012, U.S. Dist. LEXIS 69830 (D. La. May 18, 2012) ("The primary factors in assessing quantum for [physical pain and suffering] are the severity and duration of the

---

[1] However, Nevada's wrongful death statute appears to recognize that damages for pain or suffering have no correlation to medical bills. NRS 41.085 allows an heir to bring a wrongful death suit and the statute expressly allows for the heir to sue for "pain, suffering, or disfigurement of the decedent." NRS 41.08(4). However, "special damages, such as medical expenses, which the decedent incurred or sustained before the decedent's death" are reserved solely for the estate of the decedent. NRS 41.085(5)(a). The heir cannot sue for these damages on behalf of the heir. In other words, the heir can bring suit for pain, suffering, or disfigurement of the decedent without having to bring suit for medical expenses incurred by the decedent.

pain and suffering"); Harper v. Bolton, 239 S.C. 541, 124 S.E.2d 54 (1962) ("Damages for pain and suffering are unliquidated and indeterminate in character and the assessment of unliquidated damages must rest in the sound discretion of the jury, controlled by the discretion of the trial judge. Pain and suffering have no market price).

In Payne, the Eastern District of Virginia provided a thorough, and instructive analysis, based on another decision out of Pennsylvania. In Payne, the plaintiff filed for Chapter 7 bankruptcy nine (9) months after being involved in an automobile collision with a vehicle owned by Wyeth Pharmaceuticals. Id. The plaintiff listed his pre-bankruptcy petition medical bills in his bankruptcy schedules, and Wyeth alleged that Payne omitted some of his pre-bankruptcy petition medical bills. Id. The bankruptcy court discharged Payne's debt on April 7, 2008, approximately a month after Payne filed the personal injury suit against Wyeth. Id. Payne intended to move his medical bills into evidence, and Wyeth moved *in limine* to have them excluded on the grounds that they were not relevant to prove pain and suffering. The Payne court noted:

> The Court holds that the medical bills are not relevant to pain and suffering. In reaching this conclusion, the Court is persuaded by the analysis of Carlson v. Bubash, 639 A.2d 458, 462 (Pa. 1994). As that court reasoned:
>
> It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury. First, the mere dollar amount assigned to medical services masks the difference in severity between various types of injuries. A very painful injury may be untreatable, or, on the other hand, may require simpler and less costly treatment than a less painful one. The same disparity in treatment may exist between different but equally painful injuries. Second, given identical injuries, the method or extent of treatment sought by the patient or prescribed by the physician may vary from patient to patient and from physician to physician. Third, even where injury and treatment are identical, the reasonable value of that treatment may vary considerably depending upon the medical facility and community in which care is provided and the rates of physicians and other health care personnel involved. Finally, even given identical injuries, treatment and cost, the fact remains that pain is subjective and varies from individual to individual.

Payne, 2008 U.S. Dist. LEXIS 91849 (footnote omitted).

The court in Payne continued:

> Furthermore, "a single figure representing the total amount of an individual's medical bills does not demonstrate the number of times the person received treatment or the nature of the treatment." Barkley, 595 S.E.2d at 274-75. (Kinser, J., concurring in part and dissenting in part) ("In some instances, one noninvasive diagnostic test can cost as much as many visits to a physical therapist or chiropractor."). Therefore, the medical bills have no tendency to establish Payne's claim that he experienced pain and suffering as a result of the accident. The Court accordingly holds that the medical bills are inadmissible pursuant to Fed. R. Evid. 401 and 402.

Id.

As demonstrated in Payne, there would be no logical connection between the amount of medical bills incurred by Plaintiff and the level of pain and suffering, or the severity of his injuries, if Plaintiff chooses to not ask for them. Since Plaintiff will not seek recovery for the expenses incurred for his past medical treatment, then there is no reason to introduce his medical bills, or their amounts, into evidence, as this evidence in no way supports any of the Defendant's affirmative defenses and the Defendant will not have to attempt to prove that Plaintiff's past medical bills are unreasonable. Therefore, Plaintiff's medical bills, and the amounts of the bills, are irrelevant in this case. As such, they should be excluded from trial.

    2.    *Even if Plaintiff's medical bills are somehow relevant, the introduction of Plaintiff's medical damages should be precluded under Rule 403 of the Federal Rules of Evidence.*

Even assuming, without agreeing, that Plaintiff's medical bills are somehow relevant, the Court should still preclude them pursuant to Rule 403 of the Federal Rules of Evidence because any probative value they have is "substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Payne court addressed this issue, as well:

> Even if the Court were to conclude the medical bills are relevant and admissible, the medical bills are nevertheless inadmissible pursuant to Fed. R. Evid. 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. **Here, there is a substantial possibility of jury confusion if the medical bills were introduced to prove pain and suffering. The jury may be tempted to treat the medical bills as recoverable special damages rather than to only assess the medical bills as evidence that Payne experienced pain and suffering. The jury may also be confused by the medical bills' characterization of the treatment Payne allegedly underwent because the treatment is described in the bills in summary, imprecise terms. These ill-defined terms, presented right beside their cost in dollar figures, with little explanation to guide the jury, would unfairly prejudice Wyeth Pharmaceuticals.** To cure this prejudice, and thus to clarify the meaning of the terms in the medical bills, Payne would likely have to call a witness from each medical office from which a bill was issued to testify regarding, among other things, the terms in the bill and whether a doctor or administrator labeled the procedures and treatments. Such a process could unduly delay the trial. **Furthermore, introduction of the medical bills into evidence would be overly cumulative: whatever tendency they would have to prove pain and suffering may already be amply demonstrated by other, more probative evidence, such as the testimony of Payne and his doctors.** On the other side of the scale, the medical bills are of limited probative value for many of the reasons discussed in the relevance analysis, *supra*. For all these reasons individually, and for all of them together, the Court holds that Payne's medical bills fail Rule 403 analysis and are therefore inadmissible to prove pain and suffering.

Payne, 2008 U.S. Dist. LEXIS 91849 (emphasis added) (footnote omitted).

As Plaintiff does not intend to claim his medical bills at the time of trial, as an item of damage in this case, there will be no jury instruction about them and their introduction into evidence will confuse the jury about the true issues they are there to decide. Further, introducing the medical expenses would unfairly and unduly prejudice Plaintiff, if he chooses to not ask for them, because of the risk that the jurors would substitute the bill(s) for the amounts for pain and suffering and/or improperly attempt to use, at the suggestion of the Defendant, the medical expenses and the amount of medical care Plaintiff received after the incident as a basis to establish his pain and suffering damages. As recognized by the court in Payne, "there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury." Id. at ¶ 6.

In addition to being precluded from introducing Plaintiff's medical bills, or the amounts of the bills, the Defendant should be precluded from making any statements, suggestions or arguments that the jury should base their damage award for Plaintiff's pain or suffering on the value or cost of the medical care he received following the incident. Allowing the jury to hear evidence about Plaintiff's medical bills, when those expenses are not a requested damage, would only confuse and mislead the jury, and constitute a waste of time and judicial resources. As such, even if Plaintiff's medical bills are somehow determined to be relevant, any reference to Plaintiff's medical bills and their amounts should be precluded under Rule 403 of the Federal Rules of Evidence.

**B.     Collateral Source Evidence Should Likewise be Excluded**

In Proctor v. Castelletti, 911 P.2d 853, 112 Nev. 88 (1996), the Nevada Supreme Court adopted a *per se* rule barring the admission of a collateral source of payment for any injury into evidence *for any purpose.* Id. at 911 P.2d 854, 112 Nev. at 90. Nevada follows the rule established by the United States Supreme Court, adopting the *per se* rule against the introduction of collateral source evidence because the prejudicial impact of the evidence outweighs the probative value. Eichel v. New York Cent. R. Co., 375 U.S. 253, 254 (1963). Nevada's collateral source rule states that if an injured party received compensation for his injuries from a source wholly independent of the tortfeasor, such payment should *not* be deducted from the damages the plaintiff would otherwise collect from the tortfeasor. Id. at fn 1. Collateral source evidence should not be admitted under any circumstance, because of the potential that the jury will misuse the evidence in a manner that is prejudicial to the plaintiff. Id. at 911 P.2d 854, 112 Nev. at 91. The Nevada Supreme Court unambiguously held that:

> While it is true that this rule eviscerates the trial court's discretion regarding this type of evidence, we nevertheless believe that *there is no circumstance in which a district court can properly exercise its discretion in determining that collateral source evidence outweighs its prejudicial effect.*

Id. (Emphasis added).

Defendants are not entitled to "reap the benefit" of plaintiffs' eligibility for or good fortune in receiving reductions on the amount of medical billing he is ultimately responsible for. *Id.* Essentially, the collateral source rule not only serves to keep out evidence that would be extremely prejudicial to plaintiffs and serve only to confuse the jury, but it also serves as a means to ensure the tortfeasor assumes full responsibility for the losses he has caused.

### 1. Workers Compensation

Plaintiff was in the course and scope of his employment at the time of the subject collision, and as such, his medical treatment was largely covered by workers' compensation. This is an express exception to the collateral source rule, and a Defendant is generally entitled to introduce evidence of what was actually paid thru workers' compensation, at the time of trial. In the present case, this is the only collateral source evidence that is potentially relevant.

As noted above, however, Plaintiff does not intend to ask for his past medical expenses as an element of his damages, at the trial of this matter. In light of this, there is no justification for introducing evidence of what workers' compensation paid. This information only becomes arguably relevant to the jury's evaluation of Plaintiff's past medical expenses. As the jury is not considering this element of damage, the amount paid thru workers' compensation becomes wholly irrelevant and should therefore be excluded.

## IV. CONCLUSION

Based on the foregoing, Plaintiff requests that this Motion in Limine be granted.

Dated this 22nd day of February, 2016

GANZ & HAUF

_____
CARA XIDIS, ESQ.
Nevada Bar No. 11743

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the law firm of GANZ & HAUF, and that on February 22nd, 2016, I served a true and correct copy of the foregoing document, **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S PAST MEDICAL BILLS AND COLLATERAL SOURCE EVIDENCE**, via the Court's CM/ECF system, as follows:

Michael A. Pintar, Esq.
BURTON, BARTLETT & GLOGOVAC
427 W. Plumb Lane
Reno, NV 89509

_____
An employee of the law firm of
GANZ & HAUF