# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GARY G. CAMPBELL, | ) | 3:13-cv-00627-LRH-WGC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | re: ECF No. 115 |
| | ) | |
| HEATHER GARCIA, | ) | |
| Defendant. | ) | |

Before the court is Plaintiff's Motion for Protective Order and to Quash Subpoena. (ECF No. 115.) Defendant has responded to Plaintiff's Motion (ECF No. 117); Plaintiff has replied to Defendant's Opposition (ECF No. 118). The court conducted a hearing on Plaintiff's motion on May 23, 2015. After consideration of the filings and arguments of counsel, the court granted Plaintiff's motion.

Plaintiff's motion for protective order (ECF No. 115) was prompted by a subpoena Defendant served on the custodian of Records of Young America Insurance Company of El Paso, Texas (YAIC). Plaintiff sought to quash Defendant's subpoena for records from YAIC as to what Plaintiff describes as a non-injury accident which occurred on October 21, 2013. Plaintiff argued Defendant's subpoena was served well after the February 16, 2015 discovery deadline (ECF No. 40 at 2). In addition, Plaintiff contends that if Defendant secures these records, it may generate a renewed deposition of Plaintiff, possible supplemental expert witness reports and other discovery.

Plaintiff states that Defendant did not undertake discovery which reasonably called for disclosure of what Plaintiff's counsel describes as being a non-injury, property damage accident. Plaintiff points

out Defendant only asked about pre or post accidents (before or after the accident which is the subject of this lawsuit) "in which [Plaintiff] sustained <u>bodily injury</u>." (ECF No. 117 at 3; emphasis added.) Plaintiff answered he was only involved in a 2004 motor vehicle accident in which he sustained injury.

Defendant's opposition states that Defendant did not know of this accident before close of discovery. Although admitting Defendant's interrogatories only inquired about accident involving bodily injury, Defendant contends "Plaintiff never disclosed this accident despite its relevance to this claim for damages in this litigation." (*Id.*)

Defendant's memorandum does not state how Defendant became aware of this accident. At oral arguments, Defendant's counsel stated Defendant's insurer, shortly before this case was originally set for trial[1] ran an "index" on Plaintiff. The October 21, 2013 accident was reported in the "index." The index did not reflect whether it was an injury or non-injury accident; as noted above, Plaintiff states it was non-injury.

Plaintiff's counsel emphasized that Defendant's interrogatories only pertained to accidents which caused "bodily injury." Plaintiff did not reference the October 2013 accident because it did not involve an injury to Plaintiff. Plaintiff states if Defendant wanted to know about *all* accidents, Defendant should have framed the question in that context. Plaintiff's counsel also stated that Plaintiff's deposition was not taken until late 2015, and despite the myriad of questions Defendant propounded, none pertained to other non-injury accidents.

Had Defendant's interrogatories in question been more broadly framed, e.g., inquiring about *all* other accidents, the court might have been inclined to allow Defendant's discovery (subpoena to YAIC) to proceed.  But the court is disinclined to re-open discovery at this late date when the premise is that Plaintiff did not provide information as to a subject about which he was not asked, either in interrogatories or in his deposition. Last, had the Defendant some scintilla of evidence Plaintiff was in fact injured in the 2013 accident, either mentally or physically, the court might be persuaded to permit discovery on this subject, but Defendant has not provided such information to the court.

/ / /

---

[1] The March 22, 2016 trial date was set on February 24, 2016. (ECF No. 99.)

Plaintiff's motion is therefore granted and Defendant's subpoena to Young America Insurance Company of El Paso, Texas is **quashed.**

**IT IS SO ORDERED.**

DATED:  May 24, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE